UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW YORK YANKEES PARTNERSHIP
and LEGENDS HOSPITALITY, LLC,

Petitioners,

-against-

JENNIFER KUTLER,

Respondent.

Case No. 1:26-cv-02237 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Petitioners New York Yankees Partnership and Legends Hospitality, LLC (together,
"Petitioners") commenced this action against Respondent Jennifer Kutler ("Respondent" or
"Kutler"), seeking to confirm an arbitral award pursuant to the Federal Arbitration Act ("FAA"),
9 U.S.C. § 9. Dkt. 6 ("Pet." or the "Petition"). On March 24, 2026, the Court ordered Petitioners
to show cause why this action should not be dismissed for lack of subject-matter jurisdiction.
*See* Dkt. 9. Petitioners did not respond. For the reasons that follow, the Petition is dismissed
without prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 12(h)(3).

**BACKGROUND**

Petitioners allege that the parties entered into a series of agreements in August 2022
relating to Yankees season tickets and associated services, and that Respondent subsequently
failed to make required payments for the 2024 season. Pet. ¶¶ 8-9. Petitioners thereafter
initiated arbitration proceedings, which culminated in a settlement agreement and a
corresponding arbitral award dated March 21, 2025 in the amount of $65,000 (the "Award"). *Id.*
¶¶ 10-12. Petitioners allege that Respondent has tendered only $5,500 toward the Award to date.
*Id.* ¶ 13. Accordingly, Petitioners now seek confirmation of the Award and entry of judgment
for the unpaid balance. *Id.* at 4.

The Petition asserts that "[t]his Court has jurisdiction over this matter pursuant to the Federal Arbitration Act, 9 U.S.C. § 9." *Id.* ¶ 6.  However, "[t]he FAA does not independently confer subject-matter jurisdiction on the federal courts." *Bakoss v. Certain Underwriters at Lloyds of London Issuing Certificate No. 0510135*, 707 F.3d 140, 142 n.4 (2d Cir. 2013).  In recognition of that principle, on March 24, 2026, the Court ordered Petitioners to show cause why this action should not be dismissed for lack of subject-matter jurisdiction.  *See* Dkt. 9.  The Court set a deadline of April 1, 2026 for Petitioners to respond.  *Id.* at 1.  To date, Petitioners have not done so.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 304 (2d Cir. 2024) (emphasis omitted) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  The Court "ha[s] an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  Pursuant to Rule 12(h)(3), "[i]f the [C]ourt determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Where, as here, a party seeks to confirm an arbitration award under FAA Section 9, the statute "does not 'independently confer subject matter jurisdiction on the federal courts.'" *Scandinavian Reinsurance Co. Ltd. v. St. Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) (quoting *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009)).  Instead, Petitioners must establish an "independent jurisdictional basis" for federal review, such as diversity jurisdiction under 28 U.S.C. § 1332 ("§ 1332") or federal-question jurisdiction under 28 U.S.C. § 1331 ("§ 1331").  *See Badgerow v. Walters*, 596 U.S. 1, 8 (2022).  In assessing whether such a basis exists, the Court looks to the face of the Petition

2

itself. *Id.* at 9. In other words, the Court does not "look through" the Petition to the underlying dispute to locate a federal jurisdictional hook. *Id.* at 5. Accordingly, for a federal court to have the power to confirm an arbitration award, the Petition itself must properly invoke either diversity or federal-question jurisdiction. *See Jeffrey Farkas, M.D., LLC v. Horizon Blue Cross Blue Shield of New Jersey*, 790 F. Supp. 3d 129, 133 (E.D.N.Y. 2025).

## DISCUSSION

The Petition does not establish that this Court has subject-matter jurisdiction over this action.

### A.    Federal Question Jurisdiction

Federal question jurisdiction is lacking. "[I]f the [P]etition 'alleges that federal law (beyond [FAA] Section 9 or 10 itself) entitles the applicant to relief, then § 1331 gives the court federal-question jurisdiction.'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Adv. Constr. Equip. Corp.*, No. 25-cv-02640 (JPO), 2025 WL 2922830, at *3 (S.D.N.Y. Oct. 15, 2025) (quoting *Badgerow*, 596 U.S. at 9). Nothing on the face of the Petition suggests that this action arises under federal law. Petitioners assert a single claim to confirm an arbitration award related to breach of a series of contracts dealing with baseball tickets and related services, pursuant to FAA Section 9, Pet. ¶ 6, which, standing alone, does not create federal-question jurisdiction. The Petition thus does not, on its face, establish that the Court has federal-question jurisdiction over this matter.

### B.    Diversity Jurisdiction

The Petition likewise fails to make the requisite showing of diversity jurisdiction. "[I]f a petition "shows that the contending parties are citizens of different States (with over $75,000 in dispute), then § 1332(a) gives the court diversity jurisdiction.'" *Trs. of N.Y.C.*, 2025 WL 2922830, at *3 (quoting *Badgerow*, 596 U.S. at 9); *see also Song v. Kensington Int'l, Inc.*, No.

3

21-cv-00543 (HG) (TAM), 2024 WL 416494, at *3 (E.D.N.Y. Jan. 29, 2024) ("Diversity jurisdiction requires 'complete diversity'; that is, the citizenship of each plaintiff must be diverse from the citizenship of each defendant." (quoting *Platinum-Montaur Life Scis., LLC v. Navidea Biopharm., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019)).  Although Petitioners identify their states of formation and principal places of business, Pet. ¶¶ 2-3, they do not allege the citizenship of the members of Legends Hospitality, LLC or the partners of New York Yankees Partnership. Because, "[f]or diversity purposes, limited liability companies and limited partnerships have the citizenships of each of their members or partners," *McCarthey Invs., LLC v. Shah*, No. 07-cv-05617 (DLC), 2007 WL 3254418, at *2 (S.D.N.Y. Nov. 1, 2007); *accord Grupo Dataflux v. Atlas Glob. Group, L.P.*, 541 U.S. 567, 569 (2004), these omissions prevent the Court from determining whether complete diversity exists.

The Court afforded Petitioners an opportunity to demonstrate a basis for subject-matter jurisdiction, including by properly asserting the parties' citizenship.  *See* Dkt. 9.  Petitioners did not use that opportunity.  Given Petitioners' failure to identify any independent jurisdictional basis — and the pleading deficiencies apparent on the face of the Petition — the Court concludes that it lacks subject-matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Petition is DISMISSED without prejudice for want of subject-matter jurisdiction.  The Clerk of Court is respectfully directed to CLOSE this case.

Dated:  April 7, 2026
      New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge

4